**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 9:14-CR-10 |
| | § | |
| CHARLES CANNON | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 23, 2016, alleging that the Defendant, Charles Cannon, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Charles Cannon was sentenced on July 23, 2013, before The Honorable Kenneth M. Hoyt of the Southern District of Texas after pleading guilty to the offense of willfully causing bodily injury to another because of actual or perceived race, color, and national origin aiding and abetting, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years imprisonment. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of V, was 37 to 46 months. Charles Cannon was subsequently sentenced to 37 months of imprisonment, subject to the standard conditions of release, plus special conditions to include drug and alcohol aftercare, and a $100 special assessment.

## II. The Period of Supervision

On May 16, 2014, Charles Cannon completed his period of imprisonment and began service of the supervision term.

On September 14, 2015, jurisdiction of this case was transferred from the Southern District of Texas to the Eastern District of Texas. On September 17, 2014, Cannon's conditions of supervision were modified to include a 90 day placement in a residential reentry center. On August 24, 2015, Cannon's conditions of supervision were modified to include 180 days of home detention with electronic monitoring.

On November 12, 2015, Cannon's conditions of supervision were modified to include alcohol abstinence; a 90 day placement in a residential reentry center, to be immediately followed by a 90 day placement on home detention.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising two allegations. The petition alleges that Cannon violated the following conditions that: 1.) he shall report to the probation officer as directed and shall submit a truthful and complete written report within the first five days of each month; and 2) upon release from the residential reentry center, he shall be placed on home detention for a period of 90 days, in addition to any unserved home detention days, to commence immediately. These allegations derive from Cannon's failure to return to his residence by 9:00 pm curfew on March 22, 2016 and his failure to report to the probation office the next morning on March 23, 2016.

## IV. Proceedings

On April 6, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that he failed to report to the probation officer as directed. In return, the parties agreed that he should serve one month in prison and 35 months of supervised release upon his release from imprisonment (which would include 67 days of unserved home confinement).

## V. Principles of Analysis

Statutory Provisions:

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, so the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Charles Cannon violated conditions of supervision by failing to report to his probation officer as directed, Charles Cannon will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

General Guideline Provisions:

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not mroe than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

Statutory Provisions:

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the

defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this case is not more than 3 years.

Guideline Provisions:

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's first allegation that he violated a standard condition of release that he report to his probation officer as directed. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is V. The policy statement range in the Guidelines Manual is 7 to 13 months, and the statutorily authorized maximum imprisonment term is 24 months. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. However, the court is making a downward variance from the policy statement in the Guidelines Manual[1] due to the Defendant's willingness and demonstration of his ability to maintain employment, support his

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. See U.S.S.G. Ch. 7 Pt. A; United States v. Price, 519 F. App'x 560, 562 (11th Cir. 2013).

family, and be respectful towards his probation officer. The Defendant's only problem concerns his drug and alcohol abuse, which the undersigned believes is more effectively addressed through a relatively short prison sentence, but a lengthy term of post-release supervision. See 18 U.S.C. § 3553(a)(2)(D).

Accordingly, the sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of one (1) month term of imprisonment, and a thirty-five (35) month term of supervised release to follow.

### VII. Recommendations

The court should find that the Defendant violated the first allegation in the petition that he violated a standard condition of release by failing to report to his probation officer as directed. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of one (1) month imprisonment with credit for time previously served, and 35 months of supervised release to follow (which includes 67 unserved days of home confinement).

The undersigned also imposed special conditions of release, including : 1.) The Defendant shall participate in a program of testing and treatment for alcohol and drug abuse under the guidance and direction of the U.S. Probation office, until such time as the Defendant is released from the program by the probation officer; 2.) the Defendant shall refrain from all alcohol use; 3.) Under the guidance and direction of the U.S. Probation Office, the Defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements, as prescribed by the treatment provider; and 4) the defendant shall be placed on home detention for a period of 67 days of unserved home detention, to commence immediately upon release from

confinement. During this time, the defendant shall remain at his place of residence except for employment or other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with his program of electronic monitoring. The undersigned listed and explained the basis of these special conditions to the Defendant on the record.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of

fact and conclusions of law accepted by the United States District Judge, see <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of April, 2016.

_____
Zack Hawthorn
United States Magistrate Judge