IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 9:14-CR-10 |
| | § | |
| CHARLES CANNON | § | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

The court referred a petition alleging violations of supervised release conditions to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.

At the close of the revocation hearing, U.S. Magistrate Judge Zack Hawthorn recommended:

1. that the Court find that the Defendant violated the first allegation in the petition that he violated a standard condition of release by failing to report to his probation officer as directed;

2. that the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. Cannon should be sentenced to a term of one month imprisonment with credit for time previously served, and a thirty-five (35) month term of supervised release to follow (which includes 67 unserved days of home confinement).

The following special conditions of release are also imposed: 1.) The Defendant shall participate in a program of testing and treatment for alcohol and drug abuse under the guidance and direction of the U.S. Probation office, until such time as the Defendant is released from the program by the probation officer; 2.) the Defendant shall refrain from all alcohol use; 3.) Under the guidance

1

and direction of the U.S. Probation Office, the Defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements, as prescribed by the treatment provider; and 4) the defendant shall be placed on home detention for a period of 67 days of unserved home detention, to commence immediately upon release from confinement. During this time, the defendant shall remain at his place of residence except for employment or other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with his program of electronic monitoring. The special conditions are imposed based upon the same reasons found by Judge Hawthorn stated on the record.

Neither party has filed objections to Judge Hawthorn's Report and Recommendation. Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. It is therefore

**ORDERED** and **ADJUDGED** that the petition is **GRANTED** and the Defendant's supervised release is **REVOKED**. Judgment and commitment will be entered separately, in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **22** day of **April, 2016.**

_____
Ron Clark, United States District Judge